**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

CHEMELL HAMPTON, Individually,                    )
And on behalf of KHYRA GRIMES, a minor,           )
                                                  )
       Plaintiff,                             )
                                                  )
                                                  )
v.                                                )   Civil No. 14-CV- 009830
                                                  )
UNITED STATES OF AMERICA,                         )
                                                  )
       Defendant.                             )
_____              )

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
## FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiff (meaning any person, other than the defendant, the parties' attorneys, and the settlement broker, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1.   The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.   This Stipulation is not, is in no way intended to be, and should not be, construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees,

*Hampton v. United States,* Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)



and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for the Plaintiff's agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sums set forth below in Paragraph 3.a., to purchase the annuity contracts described below in Paragraph 3.b., and to establish the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of Khyra Grimes (hereinafter "Reversionary Trust") described below in Paragraph 3.c.

3.a. Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Reversionary Trust signed by all parties to said document; (3) the Social Security numbers or tax identification numbers of Plaintiff Chemell Hampton, Khyra Grimes, a minor, and Plaintiff's attorneys; (4) court Order approving the settlement on behalf of Khyra Grimes, and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Health Resources and Services Administration, United States Department of Health and Human Services, requesting that the sum of Five Million Three Hundred Thousand Dollars ($5,300,000.00) (hereinafter "Settlement Amount") be expeditiously sent by electronic funds transfer ("EFT") to the Brant, Hickey and Associates (hereinafter "BHA") Client Trust Account. Within five business days after BHA has received from Plaintiff's counsel the birth certificates and social security cards of Chemell Hampton and Khyra Grimes, BHA agrees to distribute the Settlement Amount, after receipt by the Department of the Treasury, as provided below in subparagraphs 3.a.(1), 3.a.(2) and 3.a.(3).

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

(1) A check in the amount of Two Million Eight Hundred Thousand Dollars ($2,800,000.00) (hereinafter "Upfront Cash") made payable to Chemell Hampton and Khyra Grimes, and delivered to the United States Attorney's Office for the Northern District of Illinois to hold until Plaintiff has obtained an Order from the United States District Court for the Northern District of Illinois dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and expressly not retaining jurisdiction over the above-captioned action, this settlement, or the United States. Upon entry of said Order, the United States Attorney's Office will tender said check to Plaintiff's attorneys.

With respect to the payment of the Upfront Cash, Plaintiff stipulates and agrees that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Upfront Cash into a qualified settlement fund or an equivalent fund or account. Plaintiff further stipulates and agrees that she, her attorney(s), any Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.a.(1) precludes the Plaintiff from purchasing standard, non-structured settlement annuities after the Plaintiff has cashed the Upfront Cash settlement check, but agrees that she will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and agrees she will not attempt to purchase such structured settlement annuities.

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Plaintiff agrees to endorse the Upfront Cash check over to her attorney to be deposited in the attorney's client trust account to facilitate the disbursement of the Upfront Cash as authorized by the approving court.

(2)        Pay to an annuity company, rated at least A by A.M. Best rating service, the sum of Five Hundred Thousand Dollars ($500,000) to purchase an annuity contract to make periodic payments to Khyra Grimes as described in paragraph 3.b.(i) below.

(3)        For funding of the Reversionary Trust set forth below in paragraph 3.c., the sum of Two Million Dollars ($2,000,000.00) (hereinafter "Trust Funding Amount") shall be distributed by BHA as follows:

i.        Pay to an annuity company, rated at least A by A.M. Best rating service, the sum of One Million Eight Hundred Thousand Dollars ($1,800,000) to purchase the installment refund annuity contract described in paragraph 3.b.(ii) below.

ii.        Pay to the Reversionary Trust, the sum of Two Hundred Thousand Dollars ($200,000).

3.b.  Based on the following terms and conditions, the United States will purchase the following annuity contracts:

i.        A certain and life annuity contract to pay to Khyra Grimes the sum of $1,717.07 per month, increasing at 2% compounded annually, beginning on May 5, 2033 and continuing for the life of Khyra Grimes, with a certain period of 40 years.   In the event the cost of the annuity contracts has either increased or decreased by the date of purchase, the monthly annuity payments set forth above shall be adjusted upward or downward to ensure that that the premium cost of the annuity contract is equal to $500,000 and not more or less than that amount.

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

**Page 4 of 20**

The monthly annuity payments set forth in 3.b. above are based upon the date of birth of May 5, 2012, that was provided by the Plaintiff. If the date of birth is otherwise, the monthly annuity payments will be adjusted accordingly. In the event of the death of Khyra Grimes prior to the final certain payment, all remaining payments shall be paid when due to the estate of Khyra Grimes. Khyra Grimes may designate any such person or entity as her death beneficiary as she may desire from time to time. Said designation shall be in writing and in a form acceptable to the United States of America and the annuity issuer.

        ii.    An installment refund annuity contract to pay to the Reversionary Trust the sum of $2,376.00 per month, increasing at 3% compounded annually, beginning one month from the date of purchase and continuing for the life of Khyra Grimes and the installment refund period. In the event the cost of the annuity contract has either increased or decreased by the date of purchase, the monthly annuity payments set forth above shall be adjusted upward or downward to ensure that that the premium cost of the annuity contracts is equal to $1,800,000.00, respectively, and not more or less than that amount. The monthly annuity payments set forth in 3.b. above are based upon the date of birth of May 5, 2012, that was provided by the Plaintiff. If the date of birth is otherwise, the monthly annuity payments will be adjusted accordingly. Upon the death of Khyra Grimes, any installment refund period payments remaining shall be paid to the Health Resources and Services Administration, United States Department of Health and Human Services, fbo Khyra Grimes, and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington D.C. 20044, or upon written notice, any subsequent change of address.

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page 5 of 20

(1) The annuity contracts purchased pursuant to the Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through BHA as specified above in Paragraph 3.a. The parties stipulate and agree that the United States' only obligation with respect to an annuity contract and any annuity payments therefrom is to purchase said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to any annuity contract and annuity payments upon the purchase of said contracts.

(2) The parties stipulate and agree that the annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(3) The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that the Plaintiff shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(4) Plaintiff and any minor guardians, heirs, executors, administrators, and assigns of Khyra Grimes do hereby agree to maintain with the annuity company and the United States a

*Hampton v. United States,* Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page **6** of **20**

current mailing address for each payee and to notify the annuity company and the United States of the death of any payee within ten (10) days of death. Plaintiff and guardians, heirs, executors, administrators, and assigns of Khyra Grimes do hereby further agree to provide a certified death certificate within thirty (30) days of death of any payee.

3.c. The United States will establish, as the Grantor, the Reversionary Trust on the following terms and conditions:

(1) The parties agree to the terms, conditions, and requirements of the Reversionary Trust, a copy of which is attached hereto and incorporated by reference.

(2) Plaintiff and Plaintiff's successors, assigns, guardians, and guardians ad litem, if any, agree that the Trust Beneficiary and anyone acting on behalf of the Trust Beneficiary has the duty and responsibility to cooperate with the Administrator and Trustee of the Trust to the extent the Administrator and the Trustee determine that the Beneficiary's cooperation is necessary or useful for them to carry out their respective duties and responsibilities. Plaintiff and Plaintiff's successors, assigns, guardians, and guardians ad litem, if any, further agree that the Beneficiary has the duty and responsibility to: submit requests for payment of allowable benefits as required by the Trust; provide signatures, authorizations, documentation, or information necessary for the carrying out of the terms of the Trust; identify other sources of payments or benefits; apply to other sources of payments or benefits for coverage; to assist the Administrator and Trustee in obtaining payments or reimbursement from other sources of payments or benefits; and transmit to the Trust Estate any amount received by (or on behalf of the Beneficiary) from another source of payments or benefits in reimbursement for, or payment of, an expense that has been paid or will be paid from the Trust Estate. The parties agree that the failure of the Beneficiary to comply with these duties

*Hampton v. United States,* Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

may result in the denial, in whole or part, of payments from the trust estate, depending on the terms of the Reversionary Trust.

(3) Plaintiff and Plaintiff's heirs, executors, administrators, and assigns shall maintain with the administrator, the trustee, and the United States a current mailing address, and shall notify the administrator, the trustee, and the United States of any event upon which the right of payments from the trust estate may depend, including the death of Khyra Grimes, within thirty (30) days of the date of such event, and shall provide the administrator, the trustee, and the United States with a certified death certificate within forty-five (45) days of the death of Khyra Grimes.

(4) Upon the death of Khyra Grimes, the trustee shall, to the extent authorized by the terms of said Reversionary Trust, pay allowable charges, expenses, and benefits, and liquidate and distribute the remaining trust estate to the United States by check made payable to the Health Resources and Services Administration, United States Department of Health and Human Services f/b/o Khyra Grimes, and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington D.C. 20044, or, upon written notice, any subsequent change of address.

4. The parties agree that any attorneys' fees owed by the Plaintiff in this Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiff's costs and expenses of this action against the United States and the costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of the Plaintiff, shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a.(1) above, and not in addition thereto. The Plaintiff agrees to pay

*Hampton v. United States,* Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

all the costs, expenses, and Guardian Ad Litem fees associated with obtaining court approval of the settlement on behalf of the Plaintiff. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

     5.   The Plaintiff stipulates and agrees that she is legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. The Plaintiff stipulates and agrees that she will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. The Plaintiff and her attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim for payment or reimbursement arising from the injuries that are the subject matter of this action. The Plaintiff agrees that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiff, she will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page 9 of 20

6.    Plaintiff and Plaintiff's heirs, executors, administrators, and assigns hereby accept the sums set forth above in Paragraph 3.a, the purchase of the annuity contracts set forth above in Paragraph 3.b. and the establishment of the Reversionary Trust set forth above in Paragraph 3.c. in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of Khyra Grimes, or damage to property, and the consequences thereof, which the Plaintiff, individually and on behalf of Khyra Grimes, a minor, or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter that gave rise to the above-captioned action.

Plaintiff, on behalf of herself, and Khyra Grimes, a minor, and their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiff has now or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

In connection with such waiver and relinquishment, Plaintiff acknowledges that she is aware that they may hereafter discover claims presently unknown or unsuspected or facts in

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page 10 of 20

addition to or different from those that she now knows or believes to be true, with respect to the released claims.  Nevertheless, it is the intention of Plaintiff through this release, and with the advice of counsel, to fully, finally and forever settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between the Plaintiff on the one hand, and the United States on the other.  In furtherance of such intention, this release shall be and remain in effect as a full and complete release of such matters, notwithstanding the discovery or existence of any such additional or different claims or facts relating thereto.

Plaintiff, individually and on behalf of Khyra Grimes, a minor, and their heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiff and her attorneys stipulate and agree that the Plaintiff, by and through her attorneys, will satisfy or resolve any and all known claims for payment or reimbursement and any and all known liens asserted by any individual or entity before distributing to the Plaintiff any portion of the Upfront Cash paid pursuant to Paragraph 3.a.(1) above.  The Plaintiff and her attorneys further agree that, no later than ninety (90) days from the date the United States has paid the Settlement Amount, Plaintiff's attorneys shall provide to the United States evidence that each known claim or lien has been satisfied or resolved and that all lienholders and claimholders have

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page **11** of 20

waived and released all such liens and claims. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorneys representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims.

7. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's duly authorized designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation and the Reversionary Trust.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation or the Reversionary Trust. The terms, conditions, and requirements of this Stipulation and Reversionary Trust are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

c. Khyra Grimes must be alive at the time the Reversionary Trust described in Paragraph 3.a.(3) is deemed established, as defined in Article V of the Reversionary Trust, and at the time the annuity contracts described in Paragraph 3.b are purchased. In the event of the death

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

of Khyra Grimes prior to the date the Reversionary Trust is deemed established or prior to the date the annuity contracts are purchased, the entire Stipulation and compromise settlement are null and void.

   d. Plaintiff must obtain, at her expense, approval of the settlement by a court of competent jurisdiction on behalf of Khyra Grimes (DOB May 5, 2012). The terms of any such court Order, a draft of which shall be provided by the United States, are a condition of this settlement. Plaintiff agrees to obtain such approvals in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approvals are not obtained in a timely manner. In the event Plaintiff fails to obtain such court approvals, the entire Stipulation and the compromise settlement are null and void. The Plaintiff must obtain such court Orders, and provide signed originals of this Stipulation and the Reversionary Trust document, before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

   e. Plaintiff must provide the United States with a complete set of the **extant** medical records of Khyra Grimes (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date the Plaintiff signs this Stipulation. The Plaintiff must provide all such **extant** medical records for said 36-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. As of the date they sign this Stipulation, Plaintiff and her attorneys represent that they have conducted a due diligence search

*Hampton v. United States,* Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

**Page 13 of 20**

of all files, records, documents, and information in their possession or available to them, and that, after having conducted said due diligence search, they are unaware of, and have no knowledge of, any such extant medical records that were not previously been produced to the United States by the Plaintiff. In the event said records and reports reveal that Khyra Grimes had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

      f. Plaintiff must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiff in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, the Plaintiff must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiff's attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of the Plaintiff's records and files, the Plaintiff and her attorneys are unaware of any such potential tortfeasor.

      g. In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (including the State of Illinois or any other state) or Medicaid, arising out of the subject matter that gave rise to the above-captioned

*Hampton v. United States,* Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page 14 of 20

action, whether disputed as legally valid or not, Plaintiff must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiff or Khyra Grimes, a minor, or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the Plaintiff or Khyra Grimes. The Plaintiff must obtain such release and waiver before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. The Plaintiff and her attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiff, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from the Plaintiff's attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

      h. Payment of the settlement is subject to there being sufficient funds in the account established by Congress (*e.g.*, 42 U.S.C. § 233(k)) for payment of settlements and judgments of claims subject to the Federally Supported Health Centers Assistance Act of 1992 and 1995 (42 U.S.C. §§ 233(g), *et seq*.) to pay the settlement in its entirety.

      i. The United States District Court for the Northern District of Illinois must dismiss this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees,

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page 15 of 20

and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

8.      The parties agree that this Stipulation and the Reversionary Trust, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

9.      Compliance with all applicable Federal, state, and local tax requirements shall be the sole responsibility of Plaintiff.      This Stipulation is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiff is responsible for the payment of all taxes that may be associated with the settlement.      Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds, and this Stipulation is executed without reliance on any representation by Defendant as to the application of any such law.

10.     Plaintiff represents that she has read, reviewed and understand this Stipulation and the Reversionary Trust, and that she is fully authorized to enter into the terms and conditions of this agreement and that she, individually and on behalf of Khyra Grimes, a minor, agrees to be bound thereby.      Plaintiff further acknowledges that she enters into this Stipulation and the Reversionary Trust freely and voluntarily.      Plaintiff further acknowledges that she has had sufficient opportunity to discuss this Stipulation and the Reversionary Trust with her attorneys, who have explained the documents to Plaintiff and that Plaintiff understand all of the terms and conditions of this Stipulation and the Reversionary Trust.

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page **16** of **20**

11.   It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.   All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this_____day of_____, 2017.

UNITED STATES OF AMERICA
JOEL R. LEVIN
ACTING UNITED STATES ATTORNEY


By:   _____
        Prashant Kolluri,
        Assistant United States Attorney
        Attorney for Defendant, United States of America

*Hampton v. United States,* Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page **17** of **20**

Executed this _____9th_____ day of _____August_____, 2017.

**ATTORNEYS FOR PLAINTIFF**

By: _____

Adria East Mossing, Esquire
Mossing & Navarre, LLC
30 North LaSalle Street, Suite 1524
Chicago, Illinois 60602

By: _____

James Navarre, Esquire
Mossing & Navarre, LLC
30 North LaSalle Street, Suite 1524
Chicago, Illinois 60602

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

**Page 18 of 20**

Executed this _____ day of _____ August _____, 2017.

CHEMELL HAMPTON, Individually

By: _____
    Chemell Hampton


Executed this _____ day of _____ August _____, 2017.

KHYRA GRIMES, A Minor

By: _____
    Chemell Hampton, as Parent/Guardian of Khyra Grimes, a Minor


*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)

Page **19** of **20**

Executed this_____day of_____, 2017.
BRANT, HICKEY AND ASSOCIATES


By:      _____
         Henry W. Barkhausen
         Structured Settlement Broker
         216 S. Jefferson St., Suite 201
         Chicago, IL   60661
         Tel:   312-831-0770

*Hampton v. United States*, Civil Action No. 14 CV 09830
Stipulation for Compromise Settlement and Release
(August 1, 2017)